```
                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    *
                            *
v.                          *
                            *    Criminal No. WMN-09-0303
BYRON KEITH BROWN           *
                            *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

The government has moved pursuant to 21 U.S.C. § 853(e) for the entry of a restraining order which would (1) require counsel for the defendant to pay into the registry of the Court the proceeds of checks issued by State Farm Insurance at the request of the defendant, (2) require the defendant to pay into the registry of the Court the proceeds of checks issued at his request by Metropolitan Life, John Hancock, Uvest or any other insurance company, (3) order the defendant not to spend, transfer or encumber assets up to a maximum of $10 million, and (4) order the defendant to provide the government and the Court with a full accounting of all assets, foreign or domestic, under his control, and (5) order the defendant to repatriate any assets located overseas to the United States so that they may be placed within the jurisdiction of the Court.  For the reasons set forth in the government's motion and pursuant to the authority cited therein, the Court will grant the requested relief, with one exception.

As to the accounting requested by the government, defense counsel appropriately observes that this would be difficult, if not impossible, given the government's seizure and retention of all of the defendant's books and records.  Furthermore, compelling a statement from the defendant at this stage in the proceedings has the potential to infringe upon the defendant's constitutional protections.  Accordingly, the Court will not order an accounting of assets at this time.

In responding to the government's motion, the defendant's counsel requested that the defendant be able to retain those amounts currently in the attorney-client trust account to the extent that those funds are needed to cover invoiced, but as yet unpaid, bills for legal services rendered.  The defendant's counsel submits, without citation to any authority, that "public policy strongly counsels in favor of discharging legal costs and fees prior to seizure."  Opp'n at 4.  In this instance, the Court finds that there is a stronger public policy, as evidenced by the authority cited by the government in its motion, to preserve assets for the compensation of alleged victims, should there be a conviction and order for restitution.  Accordingly, the Court will not limit the relief as the defendant's attorneys request.

A separate order will issue.

                          _____/s/_____
                          William M. Nickerson
                          Senior United States District Judge

DATED: March 18, 2010